Crew, J.
The plaintiff in error, Elmer G. Filmore, as the beneficiary under a policy of life insurance issued to Emma Filmore, his wife, by defendant in error, The Metropolitan Life Insurance Company, brought suit against said company in the court of common pleas of Clark county, Ohio, to recover the sum of two hundred and thirty-nine dollars with interest thereon from September 3, 1906, which sum he alleged in his petition was due him ms such beneficiary under the policy of insurance so issued by said company. For answer to plaintiff’s petition the insurance company pleaded two defenses, the first of which was a general denial, and the second was in the words and figures following, to-wit: “For a second cause of defense to the petition, this defendant says that on the 3d day of September, 1906, *212 the said plaintiff murdered his said wife, Emma Filmore, in the city of Springfield, county of Clark, state of Ohio; that on the 25th day of October, 1906, he was indicted by the grand jury of said county for manslaughter on account of the killing .of his said wife, and on the 31st day of December, 1906, he was convicted of said crime, and on February 25, 1907, he was sentenced by the court of common pleas to six years’ hard labor in the Ohio Penitentiary, at Columbus, Ohio, where the said plaintiff is now confined. Defendant says that plaintiff having caused the death of the said assured, as herein set forth, he is estopped from asserting any ' claim as beneficiary under said policy. Defendant, having fully answered, prays to be hence dismissed with its costs.” To this defense a demurrer was interposed by the plaintiff, Elmer G. Filmore, on the ground that the facts therein stated were insufficient in law to constitute a defense. This demurrer was overruled by the court of common pleas, and the plaintiff not desiring to plead further judgment was entered dismissing his petition. This judgment of dismissal was subsequent!}' affirmed by the circuit court and the plaintiff in error now asks that this judgment of affirmance he reversed by this court. The sole question here presented is as to the legal sufficiency, against a general demurrer, of this second defense as pleaded in defendant’s answer. It is conceded by counsel for plaintiff in error to be the well settled and established rule of law that a beneficiary under a policv of life insurance is without right to recover thereon where the death of the insured has been intentionally caused *213 •by the act of such beneficiary, but it is contended in the present case that the second defense of defendant’s answer is lacking in essential allegation, and is fatally defective, because it contains no direct or sufficient averment that the killing of the assured by Elmer G. Filmore, the beneficiary under said policy, was an intentional killing. That such objection is purely technical, and in the present case wholl)r wdthout merit, is apparent, we think, from a consideration of the character and legal effect of the matter pleaded and the allegations made in said second defense. One of the express averments found in this second defense is, that the plaintiff, Elmer G. Filmore, murdered his wife, Emma Filmore, who was the assured in the policy of insurance upon which he was seeking to recover, and while it is true that neither the circumstances of the killing nor the constituent elements of the crime thus charged are pleaded with the particularity that would be necessary in an indictment charging the same crime, it is equally true that in an answer in a civil action such particularity of statement is not required, but it is sufficient if, in such pleading, the matter constituting the defense be stated “in ordinary and concise language.” Section 5066, Revised Statutes. Murder, being specifically defined by statute in Ohio, is a term or word of' technical significance and .determinate legal meaning. Hence, the averment in an answer in a civil suit that the plaintiff therein murdered his wife, is not the averment of a mere conclusion., but is the. allega-' tion of a determinate and issuable fact which if *214 denied could not be supported by proof merely of an unintentional or involuntary killing, for while in this state, under our criminal code, there are two degrees in the crime of murder, first and second, the purpose or intent to kill is made by statute an essential element of each, except only in the case of death caused from maliciously placing an obstruction upon a railroad track, etc. Section 6809, Revised Statutes. Wherefore it follows that the allegation in the second defense of defendant’s answer in this case, that the plaintiff, Elmer G. Filmore, murdered his wife, is tantamount to an allegation that he intentionally killed her, and the term murder employed therein by the pleader to designate and define the plaintiff’s act, itself necessarily imports that such killing was unlawful and felonious. And as said by Mr. Justice Field in N. Y. Mut. Life Ins. Co. v. Armstrong, 117 U. S., 600: “It would be a reproach to the jurisprudence of the country if one could recover insurance money payable on the death of a party whose life lie had feloniously taken.’ As well might he recover insurance inoney upon a building that .he had wilfully fired.” In the case of Schreiner v. High Court of Illinois Catholic Order of Foresters, 35 Ill. App., 576, cited and relied upon by counsel for plaintiff in error as supporting their contention in the present case, the court also clearly recognizes the principle applicable to all contracts of insurance, that the insured or beneficiary cannot under such contract receive indemnity for a loss that he himself has intentionally brought about, the second paragraph *215 of the syllabus in that case being as follows: “There can be no recovery in an action founded upon intentional wrong. The beneficiary in an insurance policy cannot recover where- the death of assured has been intentionally caused by his act.” For the reasons hereinbefore stated we are of opinion that in the case at bar the allegation of defendant’s second defense that the plaintiff murdered his wife, should be construed as pleading an intentional killing, and, therefore, as sufficient against a general demurrer. The view we have taken as to the legal effect of this averment renders unnecessary a consideration of the other averments of said second defense.

Judgment affirmed.

Spear, Davis,' Siiauck and Price, JJ., concur.